# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE J. HUDSON,**
      **Plaintiff,**

     v.                                       **Case No. 06-C-1327**

**MICHAEL ASTRUE,**
**Commissioner of the Social Security Administration,**
      **Defendant.**

## DECISION AND ORDER

An Administrative Law Judge ("ALJ") denied plaintiff Willie Hudson's application for social security disability benefits, and plaintiff sought judicial review of the decision under 42 U.S.C. § 405(g). I reversed the ALJ's decision and remanded the matter for further proceedings, and plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## I. EAJA STANDARD

The EAJA provides that a litigant in a civil suit against the federal government is entitled to recover his attorney's fees if: (1) he was a prevailing party; (2) the government's position in the matter was not "substantially justified"; (3) there are no "special circumstances" that would make a fee award "unjust"; and (4) he filed a timely fee application with the district court. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). Because I reversed and remanded the ALJ's decision under sentence four, plaintiff is the prevailing party in this case. See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). Likewise, his application, submitted within thirty days of final judgment, is timely, see 28 U.S.C. § 2412(d)(1)(B), and the

Commissioner does not contend that any special circumstances would make an award unjust, see Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004) ("The Commissioner bears the burden of demonstrating . . . that special circumstances would make an award unjust."). However, the Commissioner opposes the motion on the ground that the government's position was substantially justified.

A position is substantially justified if it has a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006). The Commissioner bears the burden of establishing that the government's position was substantially justified, which requires him to show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded. Conrad, 434 F.3d at 990 (citing Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004); United States v. Hallmark Const. Co., 200 F.3d 1076, 1078-79 (7th Cir. 2000)). The position must be "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. The position need not be justified to a high degree, but it must be more than merely undeserving of sanctions for frivolousness. Id. at 565-66.

Although the court makes just one determination on the issue for the entire action, attorney's fees may be awarded if either the Commissioner's pre-litigation conduct (including the ALJ's decision) or his litigation position lacked substantial justification. Cunningham, 440 F.3d at 863-64; Golembiewski, 382 F.3d at 724. Thus, "fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).

2

## II. DISCUSSION

A. **Summary of Ruling on the Merits**

In the present case, plaintiff argued that the ALJ: (1) failed to follow the applicable regulations in evaluating his mental impairments; (2) erred in determining his residual functional capacity ("RFC"); (3) improperly evaluated the credibility of his testimony; and (4) failed to consider his claim under the appropriate Listing of Impairments. While I did find that the ALJ stumbled in several respects, I rejected most of plaintiff's claims of error. I also rejected plaintiff's argument for a judicial award of benefits in favor of a remand for further proceedings.

1. **Mental Impairment Regulations**

I found that the ALJ had failed to specifically evaluate the functional limitations resulting from plaintiff's mental impairments under the "B criteria" of the Listings, as required by the regulations. However, because plaintiff pointed to no medical opinion that he met the B criteria, I saw no reason to remand the case on this basis. (R. 26 at 26.)

2. **RFC**

Plaintiff argued that the ALJ erred in various ways in setting RFC. I agreed with him in two respects. First, I found that the ALJ "did not seem to fully appreciate" some of the limitations contained in the report of the examining consultant, Dr. Manos. Therefore, "giving plaintiff the benefit of this doubt," I remanded for reconsideration of Dr. Manos's report. (R. 26 at 29.) Second, I found that the ALJ failed to address the two-hour limitation on standing/walking contained in treating source Dr. Litza's June 2002 reports, which would preclude light work. The Commissioner argued that Dr. Lizta's reports were inconsistent, and that in a treatment note she once wrote: "I told him that I did not think any of his pain was

3

significant in regard that he is unemployable or would not be able to work. I encouraged him to continue trying to find employment." (Tr. at 499.) However, because the ALJ did not reject Dr. Litza's opinions based on such inconsistencies, and because the court may not rely on the Commissioner's post hoc arguments, I remanded for reconsideration of Dr. Litza's June 2002 reports. (R. 26 at 30-32.) I rejected plaintiff's claim that the ALJ failed to address the various "moderate" limitations contained in the mental RFC reports of the state agency reviewers (R. 26 at 29-30),[1] and failed to consider his other physical impairments, such as gastritis, headaches and stomach pain – none of which appeared to produce any additional limitations (R. 26 at 32).

### 3. Credibility

Plaintiff argued that the ALJ failed to consider the side effects of his medication in evaluating the credibility of his claims of disabling fatigue and applied an improper "sit and squirm" test in evaluating the credibility of his claims of disabling pain. I agreed with the first contention, noting that the ALJ ignored letters from treating source Dr. Powers recommending afternoon appointments due to the sedating effects of plaintiff's medications. (R. 26 at 34-35.) Because plaintiff's extreme fatigue, if accepted, appeared to preclude all full-time work, I found that the ALJ's error in analyzing this issue was not harmless. However, I rejected plaintiff's claim that the ALJ could not rely in part on his personal observations of plaintiff during the hearing in evaluating credibility. (R. 26 at 36-38.) I also rejected plaintiff's challenge to the ALJ's finding that he was not maintained on strong narcotic pain medication. (R. 26 at 38.)

---

[1] I did note that the ALJ on remand had to resolve the inconsistency between the two consultant's reports on physical RFC: one adopted a light RFC, while the other limited plaintiff to sedentary work. (R. 26 at 32 n.27.)

4

Finally, I rejected plaintiff's claim that the ALJ failed to evaluate all of the credibility factors set forth in SSR 96-7p. (R. 26 at 38.)

### 4. Listing

Because the record contained no evidence that plaintiff in fact met a Listing, I found that the ALJ committed no harmful error in failing to discuss the issue. Nevertheless, because I remanded the case on other grounds, I indicated that plaintiff could on remand also ask the ALJ to consider whether Dr. Manos's report supported a claim under the Listings. (R. 26 at 39.)

### 5. Remedy

Finally, I concluded that a judicial award was inappropriate because not all factual issues had been resolved in favor of benefits. Dr. Manos's opinion did not plainly support plaintiff's claim under the Listings, and the state agency consultants explicitly found that plaintiff did not meet a Listing. Nor did Dr. Litza's June 2002 reports definitively support a finding of disability, given the contrary statements in her treatment notes and the statements from VA treating sources who consistently opined that plaintiff could work.[2] Therefore, I remanded the matter for further proceedings. (R. 26 at 39-40.)

## B. EAJA Analysis

Based on the foregoing summary, I conclude that the Commissioner's position in this case was substantially justified. First, plaintiff did not prevail on most of his claims. While the EAJA analysis should not consist of a simple comparison of successful versus unsuccessful claims, my rejection of most of plaintiff's contentions supports the reasonableness of the Commissioner's overall position.

---

[2]The ALJ cited statements from a VA Nurse Practitioner that plaintiff did not require "any restrictions or limitations on his ability to work." (Tr. at 28; 597.)

5

Second, the closeness of the issues on which I did remand the case supports the Commissioner's position on substantial justification. See Cummings v. Sullivan, 950 F.2d 492, 498 (7th Cir. 1991) ("We find that the closeness of the question is, in itself, evidence of substantial justification."). Specifically, in remanding for re-evaluation of Dr. Manos's report, I noted that I was giving plaintiff the benefit of the doubt. In remanding for re-evaluation of Dr. Litza's reports, I noted the Commissioner's strong arguments for rejecting the most stringent of the limitations in the reports, including the inconsistencies between Dr. Litza's reports and treatment notes, and the statements of plaintiff's treating professionals at the VA that plaintiff did not require "any restrictions or limitations on his ability to work." (Tr. at 28; 597.) Finally, in remanding for reconsideration of plaintiff's credibility, I noted that I had greater freedom to review the issue because the ALJ skipped over two letters objectively supporting plaintiff's claim of fatigue. However, it is well-settled that the ALJ need not evaluate in writing every piece of evidence in the record, see, e.g., Books v. Chater, 91 F.3d 972, 980 (7th Cir. 1996), and the ALJ's failure to sufficiently explain his assessment of the evidence does not necessitate a fee award, particularly where there is medical support for the decision in the record, see, e.g., Cunningham, 440 F.3d at 865 (citing Stein v. Sullivan, 966 F.2d 317, 319-20 (7th Cir.1992)).

In sum, my decision on the merits contains no "strong language" against the government's position establishing lack of substantial justification in the ALJ's decision and in the Commissioner's defense of that decision. See Golembiewski, 382 F.3d at 725. To the contrary, this case was a close one, and the Commissioner has shown that his position was reasonable. Accordingly, plaintiff's EAJA motion will be denied.

6

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for an award of attorney's fees (R. 28) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

7